UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM LEE, et al. | ) | CASE NO.: 5-11-cv-00547-BO |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPLY BRIEF IN SUPPORT OF** |
| EPHREN TAYLOR, et al | ) | **DEFENDANT EQUITY TRUST** |
| | ) | **COMPANY'S MOTION TO** |
| Defendants | ) | **DISMISS FOR IMPROPER VENUE** |

## I. INTRODUCTION

The Court should dismiss Plaintiffs' claims against Defendant Equity Trust Company ("Equity") for improper venue pursuant to Federal Rule Civil Procedure 12(b)(3). Nothing in the unsupported arguments in Plaintiffs' "Response" to Equity's Motion to Dismiss for Improper Venue (the "Motion to Dismiss") can change the fact that the Plaintiffs agreed, in writing, to bring any suits against Equity arising out of or in connection with their self-directed Individual Retirement Accounts *only in the county courts of Lorain County, Ohio*.

Plaintiffs also do not—because they cannot—dispute the fact that they signed Equity's Standard Account Application (the "Application"). *See* Declaration of Jeffery Bartlett ("Bartlett Dec.") Exhibits B through D (signed IRA applications of each of the three named Plaintiffs). When the Plaintiffs signed their names to the Application, they agreed that they "received, read and understood the Equity Trust Company's IRA Custodial Agreement." This standard Agreement contains the unambiguous and *mandatory* forum selection clauses at issue in Equity's Motion to Dismiss. This written agreement cannot now be defeated by self-serving affidavits in which the Plaintiffs claim "not to recall" whether they ever saw their account agreements.

Even setting aside the forum selection clauses in the account agreements to which the Plaintiffs agreed to be bound, Plaintiffs Thompson and Lee also signed—and do not dispute that they signed—Direction of Investment Forms which likewise contained mandatory forum selection clauses. *See* Direction of Investment Forms, Exhibits G, H, and I to Equity's Motion to Dismiss at (on each form) p. 4, ¶15.[1] Thus, the Court should grant the Motion to Dismiss and hold Plaintiffs to their agreement with Equity to bring any suit arising out of their relationship with Equity only in the county of courts of Lorain County, Ohio.

## II. ARGUMENT

### A. Plaintiffs Fail to Acknowledge (Much Less Apply) the Applicable Legal Test.

Plaintiffs do not even acknowledge in their Response the four-part legal test which governs this issue in the Fourth Circuit. Specifically, the Plaintiffs have not demonstrated—though they were obligated to do so—that: (1) the forum selection clause in their agreements with Equity were obtained by "fraud or overreaching"; (2) that they would be deprived of their day in Court if they were forced to litigate their claims against Equity in Ohio; (3) that some "fundamental unfairness" inherent to Ohio law would deprive them of a remedy; or (4) that enforcing their voluntary agreements would "contravene a strong public policy of [North Carolina]." *See Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996). As explained in Equity's Motion to Dismiss, none of the allegations in Plaintiffs' Complaint demonstrates any reason, under the applicable test, to depart from the "general . . . federal common law" that

---

[1] Equity has already shown, in its prior Motion to Dismiss, that Plaintiff Morgan never used her Equity account to invest with Defendant Taylor or any entity controlled by him, and, therefore, never signed a Direction of Investment form. Because she never used her Equity account for such an investment, she simply has no claim. Plaintiffs' Response does not even attempt to argue otherwise.

2
Case 5:11-cv-00547-BO   Document 50   Filed 02/02/12   Page 2 of 7

"directs courts to favor enforcement" of forum selection clauses. *See Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 649 (4th Cir. 2010).[2]

> **B.** **Plaintiffs' Arguments Fail to Demonstrate That the Court Should Not Enforce the Plaintiffs' Voluntary, Mandatory, Pre-Suit Agreement to Bring Any Claims Against Equity Only in Ohio.**
>
> **1.** **The Forum Selection Clause is Mandatory, not Permissive, and it Broadly Covers All of Plaintiffs' Dubious Claims Against Equity.**

Plaintiffs first contend—without citing any authority to support their argument—that the forum selection clause in their agreements covering all claims "arising out of," "under," or "in connection with" those agreements is not broad enough to encompass all of their purported causes of action against Equity. (See Response at 3). Plaintiffs argue that because their claims against Equity arise out of the Ponzi scheme allegedly operated by Ephren Taylor, their claims against Equity—somehow—cannot also arise out of their agreements with Equity. However, Plaintiffs cannot (and, in fact, do not) deny that the only relationships they ever had with Equity have been exclusively in connection with Equity's role as their passive IRA custodian. Thus, ***any claims*** that they might allege against ***Equity*** arise "out of," "under," or "in connection with" their agreements with Equity, and the broad contours of the forum selection clauses clearly encompass all of the claims that Plaintiffs have asserted here.

The forum selection clauses at issue here are clear: if the Plaintiffs bring any claim against Equity in relation to their agreements with Equity, they may only bring such claims in Lorain County, Ohio. *See*, *e.g.*, *Albemarle*, 628 F.3d at 649. As explained above, because the Plaintiffs' only relationship with Equity is their contractual one, all of their claims must relate to

---

[2] *See*, *e.g.*, *Sucampo Pharma., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006) (explaining that a motion to enforce a forum selection clause is treated as a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3)); *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996) (explaining the contours of the applicable test).

that relationship. Hence, the forum selection clause should be enforced, and Equity's Motion to Dismiss on grounds of improper venue should be granted.

>  **2.    The Interests of Justice Will be Furthered, Not Thwarted, by Enforcing Plaintiffs' Agreement to Litigate Against Equity Only in Ohio.**

Plaintiffs also suggest that the Court should deny the enforceability of their agreement to bring any suit against Equity in connection with their agreements with Equity only in Lorain County, Ohio in the interests of judicial economy. "Judicial economy" is not, however, a factor that the Fourth Circuit has directed this Court to consider in connection with forum selection clauses, and the Plaintiffs have failed to cite any case law in support of their argument. Moreover, the interests of justice are served when parties to an agreement are held accountable for the terms to which they agreed.

>  **3.    Plaintiffs' Claim that They "Did Not Receive" the Documents <u>that they Signed</u> Strains Credulity.**

The Plaintiffs' other suggestion is that they did not receive and/or never saw the forum selection clause contained in Equity Trust's Standard Account Application and Agreement, and thus there is a dispute of fact regarding whether those agreements are unenforceable. Plaintiffs' argument is belied by their very signatures on their account applications where they agreed and acknowledged as follows:

> ***I have received, read and understand the Equity Trust Company's IRA Custodial Agreement*** . . . I acknowledge that the IRA Custodial Account Agreement . . . explains the duties, limitations on duties, and the rights of Equity trust Company . . .

*See, e.g.*, Exhibit B to Bartlett Dec. (emphasis added).

Although Plaintiffs claim that they did not see this language (or simply did not read it), under the law it makes "no difference whether [Plaintiffs] . . . knew what was in the agreement or not. [They] . . . signed it, and the law presumes [they] did know what was in it." *See Bell v.*

*Nationwide Ins. Co.*, 146 N.C. App. 725, 727, 554 S.E.2d 399, 401 (2011); *see also Sandoval v. Pillowtex Corp.*, 652 S.E.2d 751, 2007 WL 4106123, 4 (N.C. App. 2007) (explaining that "it is the general rule that one who signs a contract is presumed to know its contents . . . ") (citing cases). Here, Plaintiffs do not contest their signatures (*see, e.g.,* Exh. 1 to Response, Affidavit of William Lee ¶6 (acknowledging that he "executed" Exhibit F to the Bartlett Dec.)), and thus their argument does raise even a "dispute of fact" about whether the forum selection clauses are enforceable.

In addition, Plaintiffs never contest, either in the Response or in the affidavits attached to it, that Plaintiffs Lee and Thompson agreed *again* to the mandatory forum selection clause at issue here when they signed Equity Trust's Direction of Investment Forms. (See Exhibits G, H, and I to Bartlett Dec.). Thus, even if there were a dispute of fact regarding whether the mandatory forum selection clauses in Plaintiffs' account applications were enforceable (though there is none), there is absolutely no dispute of fact regarding whether Plaintiffs' Lee and Thompson's subsequent agreements to litigate only in Lorain County, Ohio are enforceable. Thus, the Plaintiffs' mandatory, exclusive, pre-suit forum selection clauses, agreed to in their account applications and agreements with Equity *and* in their Direction of Investment Forms, are enforceable, and the Court should dismiss Plaintiffs claims against Equity for improper venue.

### III.    CONCLUSION

For the forgoing reasons, Defendant Equity Trust Company respectfully submits that the Court should dismiss Plaintiffs' claims against Equity for improper venue pursuant to Federal Rules of Civil Procedure 12(b)(3).

Respectfully submitted this the 2nd day of February, 2012.

            By: s/ David Dreifus
               David Dreifus
               N.C. State Bar No. 10160
               P. O. Box 1801
               Raleigh, NC 27602-1801
               Phone: 919.783.6400
               Fax: 919.783.1075
               E-mail: ddreifus@poyners.com

               s/ Kenneth A. Bravo
               Kenneth A. Bravo (Ohio Bar # 0014274)
               Isaac J. Eddington Ohio Bar # 0072966)
               Ulmer & Berne LLP
               1660 West 2nd Street, Suite 1100
               Cleveland, Ohio 44113-1448
               Phone: 216.583.7000
               Fax: 216.583.7001
               E-mail: kbravo@ulmer.com
                  ieddington@ulmer.com

               *ATTORNEYS FOR DEFENDANT*
               *EQUITY TRUST COMPANY*

# **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

I further certify that I have mailed the forgoing by First-Class Mail, postage prepaid to the following person at the following address which is the last address known to me:

>Don McCarthy
>13907 Montfort Dr., Unit 524
>Dallas, TX  75240

This the 2nd day of February, 2012.

>s/ David Dreifus
>*One of the Attorneys for Defendant*
>*Equity Trust Company*